IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DR. VALERIE T. AKEYO, | |
| Plaintiff, | 8:19CV74 |
| vs. | |
| MR. RODNEY REHM, REHM, BENNETT, MOORE, REHM & OCKANDES, PC, LLO, DR. SCOTT S. JOHNSON, DR. ADRIAN M. DREESSEN, DR. KIMBERLY APKER, DR. GARY S. LERNER, DR. JOEL ARMITAGE, MAKOVICKA, and DR. AMY BROWN, | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Dr. Valerie T. Akeyo filed her Complaint on February 14, 2019. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint[1] to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings this civil action against the following defendants: Attorney Rodney Rehm ("Rehm"); the law firm of Rehm, Bennett, Moore, Rehm & Ockander, PC, LLO; Dr. Scott S. Johnson; Dr. Adrian M. Dreessen; Dr. Kimberly Apker; Dr. Gary S. Lerner; Dr. Joel Armitage; Makovicka Physical Therapy; and Dr. Amy Brown (collectively "Defendants"). Plaintiff alleges claims of legal

---

[1] For purposes of initial review, the Complaint includes Plaintiff's supplement filed on March 25, 2019. (Filing No. 6.)

malpractice, negligence, professional misconduct, breach of contract, and defamation against Defendants. (Filing No. 1 at CM/ECF p. 5.)

According to Plaintiff's "Statement of Claim" and supplement, Plaintiff retained Rehm to represent her in connection with a worker's compensation claim related to injuries sustained by Plaintiff on March 13, 2014. (*See Id.* at CM/ECF pp. 7–10; Filing No. 6.) Plaintiff generally complains that Rehm's representation was deficient in that he only met with Plaintiff three times over the course of two years, failed to prepare her for court appearances, and failed to adequately investigate her claim. In particular, Plaintiff asserts that Rehm "was colluding with the defense attorney to defeat 'his' case" and sabotage her claims. (Filing No. 1 at CM/ECF p. 8.)

Plaintiff alleges that the last time she met with Rehm, he handed her a copy of a 71-page document entitled "Valerie Akeyo, CHRON Med Summary, March 20, 2017" (hereinafter "Med. Summary") and "said it was for 'him' to use in court during the upcoming hearing due in 5 days." (*Id.* at CM/ECF pp. 8–9 (emphasis removed).) When Plaintiff asked who the doctors listed in the document were, Rehm responded "they are the doctors who treated you!" (*Id.* at CM/ECF p. 8 (punctuation corrected).) Plaintiff took the document home and, upon closer review, found that she did not know or was never treated by over two-thirds of the doctors listed in the document. Rehm had never asked Plaintiff "to verify or confirm if the doctors ever provided any treatment . . . to [her] injuries of March 13, 2014." (*Id.*) Plaintiff contacted Rehm via telephone to relay this information, and he "mumbled words saying, 'you are wasting your time,' then [hung] up the telephone." (*Id.* at CM/ECF p. 9 (punctuation corrected).) Plaintiff subsequently terminated Rehm's representation and alleges that Rehm's mistreatment of her was due to "[h]is assessments of the plaintiff . . . into four categories: color, accent, gender and age" as Plaintiff is "a black woman, [who] spoke with an accent, and [was] over 60 years old." (*Id.* at CM/ECF pp. 8–9.)

The medical doctors and providers listed as co-defendants in this action are the doctors listed in the 71-page Med. Summary that Plaintiff claims never treated her injuries. (*See Id*. at CM/ECF p. 10.) Plaintiff alleges that "[i]f the doctors were . . . complicit with [Rehm], then they are answerable to the court;" if Rehm "anonymously used [their] names, they (the doctors) should defend themselves in court." (*Id*.)

As relief, Plaintiff seeks $1,800,000.00 in damages for "pain and continued suffering," financial losses, emotional distress, and mental anguish. (*Id*. at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a]

pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleges that the basis for the court's jurisdiction is diversity of citizenship. (*See* Filing No. 1 at CM/ECF p. 4.) However, as discussed below, it is apparent from the Complaint that the court lacks subject matter jurisdiction and this action is subject to dismissal.

### A. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff has alleged an amount in controversy well above the requisite $75,000.00 amount. However, Plaintiff alleges both she and Defendant Rehm are citizens of Nebraska, that Rehm's law firm is incorporated under the laws of Nebraska and has its principal place of business in Omaha and Lincoln, Nebraska, and has provided a Nebraska address for six out of the seven remaining

Defendants. (*See* [Filing No. 1 at CM/ECF pp. 2–5](#).) As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to [28 U.S.C. § 1332](#).

**B. Federal Question**

Subject-matter jurisdiction may also be proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *[Northwest South Dakota Prod. Credit Ass'n v. Smith](#)*, [784 F.2d 323, 325 (8th Cir. 1986)](#). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *[Bilal v. Kaplan](#)*, [904 F.2d 14, 15 (8th Cir. 1990)](#). Under [42 U.S.C. § 1983](#), a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *[West v. Atkins](#)*, [487 U.S. 42, 48 (1988)](#). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See [Magee v. Tr. of Hamline Univ, Minn.](#)*, [747 F.3d 532, 536 (8th Cir. 2014)](#).

Here, the only allegations that could conceivably be construed to pertain to a federal question are Plaintiff's allegations that Rehm discriminated against her based on her race, national origin or ethnicity, and age and Plaintiff's claim that Rehm "engaged in committing cyber crime by using the Internet to search for more doctors . . . from other States of the Union to implicate in his desperate attempt to defeat the case! Using the Internet to engage in a criminal conduct is a federal offense." ([Filing No. 1 at CM/ECF pp. 9–10](#).) As an attorney, Rehm's conduct, simply by virtue of being an officer of the court, generally does not constitute action under color of law as required for federal civil rights claim under [42 U.S.C. § 1983](#), and there are no allegations from which it could be inferred that he conspired with a state actor to violate Plaintiff's rights. *See [DuBose v. Kelly](#)*, [187](#)

F.3d 999, 1003 (8th Cir. 1999). Plaintiff's conclusory allegations that Rehm violated federal law by engaging in cyber crime are also insufficient to establish federal question jurisdiction as "federal criminal statutes generally do not create constitutional rights cognizable under § 1983." *Hodges v. Rufus*, No. 2:19-CV-1741, 2019 WL 1989653, at *2 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, No. 2:19-CV-1741, 2019 WL 2250646 (S.D. Ohio May 24, 2019). *See also Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (emphasizing "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person" (internal quotation marks omitted)); *Horde v. Elliot*, No. 17-CV-800 (WMW/SER), 2018 WL 987683, at *15 (D. Minn. Jan. 9, 2018), report and recommendation adopted, No. 17-CV-0800 (WMW/SER), 2018 WL 985294 (D. Minn. Feb. 20, 2018) ("[F]ederal statutes that do not contemplate a private right of action fail to confer federal jurisdiction."). Accordingly, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter.

On the court's own motion, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for this court's jurisdiction. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.    Plaintiff shall have until **November 4, 2019**, to filed an amended complaint that clearly sets forth a basis for this court's jurisdiction. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set the following pro se case management deadline: **November 4, 2019**: check for amended complaint.

Dated this 4th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge